## Case No. 12,625.

### SEDGWICK v. STEWART et al.

[9 Ben. 433.] [1]

District Court, S. D. New York.    April, 1878.

BANKRUPTCY—JUDGMENT LIEN—PROOF OF DEBT—SURRENDERING SECURITY.

1. If a person has a debt which is in judgment, and proves the debt in bankruptcy aside from the judgment, without naming the judgment, he will be held to intend to waive, discharge and surrender the judgment, and any lien under it. But, if the debt which he proves is the judgment itself, he cannot be said, in any proper sense, to discharge or surrender the judgment, unless the proof shows an intention to do so.

2. A proof of debts stated that the sum claimed was the amount of a judgment, and set forth the particulars of the judgment, and stated that its consideration was goods sold, and that for the sum claimed no security had been received, and did not state that the judgment was a lien on any real estate, when in fact it was.  *Held,* that the debt was not proved as an unsecured debt, and that the security of the lien of the judgment was not surrendered to the assignee in bankruptcy.

[This was a bill by John Sedgwick, assignee of Frederick S. Kirtland and others, against Alexander T. Stewart and others.]

T. M. North, for plaintiff.

Davies, Work, McNamee & Hilton, for defendants.

BLATCHFORD, District Judge.    The original proof of debt was for the sum of $46,294.14, "being the aggregate amount of three judgments obtained by the said A. T. Stewart & Company against the said bankrupts, to wit," setting forth the particulars of the judgments, and stating that the consideration for each of the judgments was goods and merchandise, sold and delivered by A. T. Stewart & Co. to the bankrupts, at their request, and further stating, that, for said sum of $46,294.14, or any part thereof, said A. T. Stewart & Co. had not received "any manner of satisfaction or security whatsoever."    It is contended for the plaintiff, that, inasmuch as the proof of debt did not set forth the fact that the judgments were a lien upon certain real estate of the bankrupt, Kirtland, A. T. Stewart & Co. were, by force of the proof of debt, admitted as creditors for the full amount of their claim, and thereby the judgments were discharged and surrendered, under section 21 of the bankruptcy act [of 1867 (14 Stat. 526)], and the lien of the judgments was transferred to and vested in the plaintiff, as assignee in bankruptcy.    In other words, it is claimed that the debt was not proved as a secured debt, but was proved as an unsecured debt, and that the security of the lien of the judgments on the real estate was thereby surrendered to and passed to the plaintiff, so that, as between him and A. T. Stewart & Co., he is entitled to the surplus moneys arising from the sale of the real estate on the foreclosure of the mortgage thereon.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

I do not think that the plaintiff's view can be maintained. The proof of claim states the amount of the debt as being $46,219.14, and then says, "being the aggregate amount of three judgments," &c. It then states that "the consideration for each of said judgments was goods and merchandise sold and delivered by A. T. Stewart & Co. to the said bankrupts, at their request." Transcripts of the judgments. showing the particulars thereof, are annexed to the proof. This is clearly a proof of debt of and on the judgments. The judgments are the debt proved—the judgments as they are, with all their incidents, of being liens on real estate, if they were liens. The proof is not of the debts created by the sale of the goods, but of the judgments into which such debts had been converted. As the proof was a proof of the judgments, the statement that the creditors had not received "any manner of satisfaction or security whatsoever," must be read as a statement that they had received no security other than the judgments, other than such security as the judgments themselves afforded. There is no indication of an intention to surrender the security inherent in the recovery of the judgments, coupled with the ownership of the real estate by Kirtland, in view of the fact that the proof of claim is made on the judgments. The statute (section 22) says, that the proof must set forth that the claimant has not received "any security or satisfaction whatever, other than that by him set forth." This proof did set forth all the security that there was, namely, the judgments, and the fact of the ownership of the real estate was, of course, known to the assignee. If a person has a debt which is in judgment and proves the debt aside from the judgment, without naming the judgment, he will be held to intend to waive, discharge and surrender the judgment, and any lien under the judgment. But. if the debt which he proves is the judgment itself. he cannot. under section 21, be said. in any proper sense, to discharge or surrender the judgment, unless the proof shows an intention to do so, which the proof in this case does not. Section 21 says, that, when a creditor proves his debt, all "unsatisfied judgments already obtained thereon shall be deemed to be discharged and surrendered thereby." When the debt proved is the judgment, it is not proper to say that the judgment is obtained on the judgment. In the present case, there was no concealment in the proof of debt and no failure to state the full particulars of the judgments. The particulars of the debts on which the judgments were recovered were not stated. It appears that the claim was not voted upon at the meeting at which it was presented, and that it was objected to on the ground that it was secured. Nothing was ever done under it except to present it to the register and have it received by and filed with him. The proof of debt evinces no intention to receive a dividend on the entire claim and still retain the security. It disclosed the security by disclosing the judgments, and

evinced no intention to release the judgments. It merely put the creditors making it in the position of creditors described in section 20 of the act, who can be admitted to a dividend only on so much of their debt as remains after the value of the security is deducted.

It results that the bill must be dismissed, and the surplus moneys be awarded to the defendants, with costs to the defendants, to be paid out of the estate in bankruptcy.